# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                          Case No. 05-CR-195

CARLOS MANUEL ARREDONDO-DOMINGUEZ,

       Defendant.

## ORDER ON PROBABLE CAUSE

On July 29, 2005, the defendant, Carlos Manuel Arredondo-Dominguez ("Dominguez"), was named in a one-count information charging him with having knowingly eluded examination or inspection by immigration officers in violation of Title 8 U.S.C. § 1325(a)(2). On August 1, 2005, Dominguez appeared before me and was arraigned on the charge. Because he chose to stand mute, the court entered a not guilty plea on his behalf.

Prior to his being arraigned on the charge, Dominguez had filed a motion to dismiss the information and, prior to the arraignment, both his legal counsel and the government presented oral argument with respect to the motion. For the reasons stated on the record, I denied Dominguez's motion to dismiss the information.

Subsequent to the arraignment, the parties were each heard regarding the matter of bail. In support of its position that detention was warranted, the government presented, inter alia, the testimony of BICE Special Agent Steven Maltby. Agent Maltby testified as to his understanding of the evidence that the government, at least up to that point, had developed in support of the charge

set forth in the information. At the conclusion of Agent Maltby's testimony, the parties presented argument with respect to their respective positions on bond/detention. For the reasons set forth on the record, I found that the government had not carried its burden of demonstrating the need for detention without bond. Thus, the defendant was ordered released on conditions.

Although I considered the strength of the government's case in assessing whether detention was appropriate (as required by 18 U.S.C. § 3142(g)(2)), I did not make a formal finding of probable cause with respect to the government's case. Upon reflection and after further consideration, I believe that I was remiss in not formally doing so. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct 854 (1975). Consequently, I have further considered the testimony of Agent Maltby and now find that, although the government's case is far from overwhelming as against Dominguez, there is probable cause to believe that between January 1, 2005, and at least July 20, 2005, in the State and Eastern District of Wisconsin, Dominguez, who was then and there an alien, did knowingly elude examination and inspection by immigration officers, in violation of Title 8, United States Code, Section 1325(a)(2).

**SO ORDERED** this  2nd  day of August 2005, at Milwaukee, Wisconsin.


s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

2